IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**ESTES GREEN,**

**Plaintiff,**

**vs.**                                    Civil Action No.

**POWELL BUSINESS**                        _____
**VENTURES, INC. AND**
**CHARLES MICHAEL "MIKE"**
**POWELL,**

**Defendants.**

---

## COMPLAINT

---

Plaintiff Estes Green ("Green") brings this Complaint against Defendants Powell Business Ventures, Inc. ("Powell Business Ventures" or "the Company") and Charles Michael "Mike" Powell ("Powell") (collectively "Defendants") alleging violation of the Fair Labor Standards Act's Maximum Hours provision (29 U.S.C. § 207) and shows this Court as follows:

## 1.   INTRODUCTION

1.

Green has worked as an emissions tester for Powell Business Venture since 2006. Despite often working more than forty hours in a given workweek, he has never been paid the overtime premium required by the FLSA.

2.    **JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Powell Business Ventures maintains its principal place of business in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

3.    **THE PARTIES**

4.

Green is a natural person who resides in DeKalb County, Georgia.

5.

Powell Business Ventures is a domestic for-profit corporation organized under the laws of the State of Georgia.

6.

Powell Business Ventures has employed Green as a state emissions tester from approximately 2006 through the present date.

7.

Powell Business Ventures is subject to the personal jurisdiction of this Court.

8.

Powell Business Ventures may be served through its registered agent Keith F. Brandon at 3312 Piedmont Road, Suite 550, Atlanta, Georgia 30305.

9.

Powell is a natural person who resides in Gwinnett County, Georgia.

10.

Powell is the owner, CEO and CFOP of Powell Business Ventures.

11.

Powell is subject to the personal jurisdiction of this Court.

12.

Powell may be served with process at 1805 Deerbrook Run Drive, 30A, Lawrenceville, Georgia 30043 or wherever he may be found.

## 4.   ENTERPRISE COVERAGE

13.

From December 2017 through the date of this Complaint, (hereinafter "the Relevant Time Period"), Powell Business Ventures was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 207(a)(1).

14.

Throughout the Relevant Time Period, Powell Business Ventures employed two or more employees who handled materials the Company used for business purposes including, but not limited to, office furniture, phones, computers, and office supplies.

15.

Throughout 2017, Powell Business Ventures had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

Throughout 2018, Powell Business Ventures had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

Throughout 2019, Powell Business Ventures had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

Throughout 2020, Powell Business Ventures had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

Throughout 2017, Powell Business Ventures employed two or more "employees handled, sold or otherwise worked on goods or materials that had been moved in or produced for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

Throughout 2018, Powell Business Ventures employed two or more "employees handled, sold or otherwise worked on goods or materials that had been moved in or produced for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

Throughout 2019, Powell employed two or more "employees handled, sold or otherwise worked on goods or materials that had been moved in or produced for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

Throughout 2020, Powell Business Ventures employed two or more "employees handled, sold or otherwise worked on goods or materials that had been moved in or produced for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

In 2017, Powell Business Ventures had an annual gross volume of sales made or business done of not less than $500,000.

24.

In 2018, Powell Business Ventures had an annual gross volume of sales made or business done of not less than $500,000.

25.

In 2019, Powell Business Ventures had an annual gross volume of sales made or business done of not less than $500,000.

26.

In 2020, Powell Business Ventures had or is expected to have an annual gross volume of sales made or business done of not less than $500,000.

27.

In 2017, Powell Business Ventures had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

In 2018, Powell Business Ventures had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

In 2019, Powell Business Ventures had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

In 2020, Powell Business Ventures had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

Throughout the Relevant Time Period, Powell Business Ventures has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1).

**5.  INDIVIDUAL COVERAGE UNDER THE FLSA**

32.

At all times during the Relevant Time Period, Green was "engaged in commerce" as an employee of Powell Business Ventures within the meaning of FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**6.  POWELL'S STATUS AS AN EMPLOYER**

33.

Throughout the Relevant Time Period, Powell was the owner and/or operator of Powell Business Ventures.

34.

Throughout the Relevant Time Period, Powell was the CEO and CFO of Powell Business Ventures.

35.

Throughout the Relevant Time Period, Powell exercised operational control over the Company's activities.

36.

Throughout the Relevant Time Period, Powell exercised operational control over Green's work activities.

37.

Throughout the Relevant Time Period, Powell was involved in the day to day operation of Powell Business Ventures.

38.

Throughout the Relevant Time Period, Powell Business Ventures vested Powell with supervisory authority over Green.

39.

Throughout the Relevant Time Period, Powell exercised supervisory authority over Green.

40.

Throughout the Relevant Time Period, Powell scheduled Green's working hours or supervised the scheduling of Green's working hours.

41.

Throughout the Relevant Time Period, Powell directed Green in the performance of his job assignments for Powell Business Ventures.

42.

Throughout the Relevant Time Period, Powell exercised authority and supervision over Green's compensation.

43.

Throughout the Relevant Time Period, Powell was Green's "employer" within the meaning of 29 U.S.C. § 203(d).

## 7. GREEN'S NON-EXEMPT STATUS

44.

At all times during the Relevant Time Period, Green was compensated at an hourly rate for the work he performed as a state emissions tester for Powell Business Ventures.

45.

Green was not exempt from the maximum hour requirements of the FLSA by reason of any exemption during any period of his employment with Defendants.

46.

Throughout the Relevant Time Period, Powell Business Ventures did not employ Green in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

47.

Throughout the Relevant Time Period, Green did not possess a specialized educational degree that he utilized to perform his duties on behalf of Defendants.

48.

Throughout the Relevant Time Period, Powell Business Ventures did not employ Green in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

49.

Throughout the Relevant Time Period, Powell Business Ventures did not employ Green in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

50.

Throughout the Relevant Time Period, Powell Business Ventures did not employ Green in the capacity of an "outside salesman" so as to be exempt from the maximum hour requirements of 29 USC § 213 (a).

51.

In 2006, Defendant Powell hired Green to work as a state emissions tester for the Company on a part-time basis.

52.

Powell Business Ventures employed Green as a part-time state emissions tester from 2006 through 2007.

53.

Powell Business Ventures has employed Green as a full-time state emissions tester from approximately 2008 through the present date.

54.

Throughout the Relevant Time Period, Green was an "employee" of Powell Business Ventures within the meaning of 29 U.S.C. § 203(e)(1).

55.

Throughout the Relevant Time Period, Powell Business Ventures was Green's "employer" within the meaning of 29 U.S.C. § 203(d).

## 8.   FLSA OVERTIME VIOLATION

56.

Powell Business Ventures paid Green $12.00 an hour during the Relevant Time Period.

57.

Powell Business Ventures occasionally paid Green a bonus for his work on an hourly basis.

58.

Green did not earn commissions in his position as a state emissions inspector.

59.

From December 2017 through October 2018, Green normally worked from 8:00 a.m. until 6:00 p.m., Monday through Saturday.

60.

From December 2017 through October 2018, Green also normally worked from 11:00 a.m. until 5:00 p.m. on Sundays.

61.

During all weeks from approximately December 2017 until April 26, 2018, Green also worked an additional 30 minutes after his normally scheduled hours on Tuesdays, Thursdays and Saturdays transporting money bags containing customer payments to Powell.

62.

At all times relevant from December 2017 through October 2018, Green generally worked between 66 and 67.5 hours during most work weeks.

63.

From approximately November 2018 through the date of filing of this Complaint, Green typically worked 60-65 hours during most, if not all work weeks.

64.

Throughout the Relevant Time Period, Defendants were aware of Green's actual hours worked.

65.

Throughout the Relevant Time Period, Green regularly worked in excess of 40 hours during most work weeks.

66.

Throughout the Relevant Time Period, Defendants compensated Green at his regular hourly rate for each hour he worked, regardless of how many hours he actually worked during each work week (*i.e.* "straight pay").

67.

At one point, Powell told Green that he did not pay overtime.

### 9.   COUNT I — FAILURE TO PAY OVERTIME

68.

The allegations in paragraphs 1 through 67 are incorporated by reference as if set out verbatim herein.

69.

Throughout the Relevant Time Period, Green was an employee covered by the FLSA's maximum hour provisions set forth in 29 U.S.C. § 207(a).

70.

Throughout the Relevant Time Period, Green regularly worked for Defendants in excess of 40 hours during his work weeks.

71.

Throughout the Relevant Time Period, Defendants failed to compensate Green at one-and-one-half times his regular hourly rate for work in excess of 40 hours in each work week.

72.

Defendants are jointly and severally liable to Green for payment of all due and unpaid overtime compensation during the Relevant Time Period, in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

73.

As a result of the underpayment of overtime compensation as alleged above, Green is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

74.

As a result of the underpayment of overtime compensation as alleged above, Green is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Green respectfully prays:

1. That he be awarded an amount to be determined at trial against Defendants, jointly and severally, in unpaid overtime compensation due under the FLSA;

2. That he be awarded an additional like amount against Defendants, jointly and severally, in liquidated damages;

3. That he be awarded his costs of litigation, including his reasonable attorneys' fees against Defendants, jointly and severally; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC**

101 Marietta Street, N.W.
Suite 2650
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com

*/s/ Michael A. Caldwell*
Michael A. Caldwell
Ga. Bar No. 102775

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

Counsel for Plaintiff