# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ESTES GREEN, )<br>)<br>   Plaintiff, )<br>)<br>V. )<br>)<br>POWELL BUSINESS )<br>VENTURES, INC., and )<br>CHARLES MICHAEL POWELL )<br>)<br>   Defendant. ) | CIVIL ACTION FILE NO.<br>1:20-CV-05257-JPB |

## JOINT MOTION FOR COURT APPROVAL
## OF FLSA SETTLEMENT AND RELEASE AGREEMENT

COME NOW all of the parties herein, and hereby file this Joint Motion For Court Approval of FLSA Settlement and Release Agreement.

### I.    INTRODUCTION

Plaintiff filed this lawsuit on December 29, 2020 alleging claims for unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), Section 7 of the FLSA, 29 U.S.C. § 207 (Doc. 1.).

Over the past month, the parties engaged in settlement negotiations through their respective counsel.  After exchanging payroll information, the parties were able to assess the potential for liability and damages for Plaintiff, as well as the potential defenses available to Defendants, and have reached an agreement to resolve this matter based on their understanding of the potential risks and rewards of proceeding to trial.

-1-

Having reached an agreement to settle this dispute, the parties respectfully request that the Court review the terms of the FLSA Settlement and Release Agreement attached hereto as Exhibit A ("Settlement Agreement") and grant the proposed Order approving the Settlement Agreement pursuant to the standards set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

## II.     MEMORANDUM OF LAW

The parties request that the Court review and approve the Settlement Agreement so that the resolution of Plaintiff's FLSA claim asserted in this civil action will be in accordance with the Eleventh Circuit's requirement of judicial approval of the compromise and/or settlement of FLSA claims. *See Lynn's Food*, 679 F.2d 1350. In *Lynn's Food*, the Eleventh Circuit set forth two ways in which wage claims arising under the FLSA may be settled or compromised by employees: (1) through a payment through the Secretary of Labor, or (2) where the settlement has been reviewed and approved by a district court presiding over a private lawsuit. *Id.*

When parties bring a proposed settlement of an FLSA claim before a district court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a *bona fide* dispute. *Id.* at 1354-55. If the settlement reflects "a reasonable compromise over issues" such as FLSA coverage, potential liability, the availability of defenses, or the computation of back wages that are "actually in dispute" the court may approve the settlement "in order to promote the policy of encouraging

settlement of litigation." *Id.* at 1354.

The parties stipulate that they had a *bona fide* dispute and that the merits of the case have been highly contested from its inception. Here, Plaintiff has asserted in his Complaint a claim for alleged unpaid overtime compensation. The parties dispute whether Defendant failed to pay Plaintiff overtime. The parties also dispute whether Plaintiff worked in excess of forty (40) hours each work week. The parties also dispute whether liquidated damages are appropriate, whether the FLSA violations were willful, and whether Defendant had good-faith bases for believing their actions were in compliance with the FLSA.

Despite their disagreement over liability and the extent, if any, of recoverable damages, the parties agree that the settlement reached through their negotiations represents a reasonable compromise of their *bona fide* dispute. In discussing resolution of this matter, the parties discussed and took into consideration factors such as the evidence supporting their respective positions regarding liability and damages, the validity of the collective action, and Plaintiff's compensation level to determine the potential damages available to Plaintiff. While the parties still dispute liability and the extent, if any, of available damages, the parties were able to reach a compromise of their positions during settlement negotiations.

The parties' Settlement Agreement calls for Plaintiff, individually, to receive $3,250.00 in consideration for his claim for unpaid overtime pay, $3,250.00 in

consideration for his claim for FLSA liquidated damages, and $13,500.00 in consideration for his claim for attorney's fees and costs of litigation. Further, in consideration, Defendants have agreed to transfer its emissions business, "Stop N Watch Emissions," to Plaintiff through an asset transfer.  Defendants have also agreed to not engage in any business related to emissions testing within a ten (10) mile radius of the transferred asset for a period of two (2) years. As background, Plaintiff has worked at this business for many years. Plaintiff desires to continue operating the business because he believes it has sufficient goodwill and customer traffic to be profitable in the future.  As the Court knows, it is inherently hard to evaluate the worth of a small business but Plaintiff believes it is a good financial decision to take less in settlement now for the potential up-side of a owning a long term business. Not including the monetary value of the asset transfer, these amounts represent approximately 19% of the total overtime pay liability that Plaintiff is seeking in this action ($16,791.00), 19% of the total liquidated damages that Plaintiff is seeking in this action ($16,791.00). As to the attorneys' fees portion, counsel has accrued $647 in costs and approximately $14,600 in fees (at rates that have been explicitly approved many times in this Court).  In this proposed settlement, counsel will receive $13, 500. In an effort to facilitate an early resolution, counsel is accepting less than their tracked fees and waiving a portion of their retainer agreement providing for an additional payment of 25% of liquidated damages in exchange for advancing all costs, without

recourse, to the Plaintiff [1]. The parties and their counsel agree that, based on all available evidence, the proposed settlement is within the range of potential damages that Plaintiff could recover at trial if he were to be successful.

### III.   CONCLUSION

The parties are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation, and the settlement reflects a compromise of the disputed claims asserted by Plaintiff. The parties have been represented by counsel throughout the negotiation of the Settlement Agreement, and Plaintiff has voluntarily agreed to release his wage-related claims against Defendants in exchange for fair and reasonable consideration. Plaintiff's counsel and Defendants' counsel represent that the settlement entered into by the parties was an arms-length compromise, and there was no collusion with regard to the settlement of this matter. Counsel for all parties agree that, in their respective opinions, the terms of the Settlement Agreement, including the settlement amounts and the amount of attorney's fees and costs, are fair and reasonable.

WHEREFORE, the parties respectfully request the Court grant the instant Joint Motion and approve the attached Settlement Agreement.  A proposed Order is attached for the Court's convenience.

---

[1] Between Plaintiff and his counsel, Plaintiff's portion and counsel's portion were always segregated such that Plaintiff could make an informed decision as to proposal.

Respectfully submitted this 11th day of March, 2021.

| | |
|---|---|
| **DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin LLC** | **FREEMAN MATHIS & GARY, LLP** |
| *s/ Charles R. Bridgers* | *s/ John D. Bennett* |
| Charles R. Bridgers | John D. Bennett |
| Georgia Bar No. 080791 | Georgia Bar No. 059212 |
| Michael A. Caldwell | Andrew J. Kim |
| Georgia Bar No. 102775 | Georgia Bar No. 488753 |
| 101 Marietta Street, N.W., Suite 2650 | 100 Galleria Parkway, Suite 1600 |
| Atlanta, Georgia 30303 | Atlanta, Georgia  30339-5948 |
| T: 404.979.3150 | T:  770.818.0000 |
| F: 404.979.3170 | F:  770.937.9960 |
| E: charlesbridgers@dcbflegal.com | E:  jbennett@fmglaw.com |
| | E:  akim@fmglaw.com |
| *Counsel for Plaintiff* | *Counsel for Defendant* |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ESTES GREEN,** )<br>)<br>   **Plaintiff,** )<br>)<br>**V.** )<br>)<br>**POWELL BUSINESS** )<br>**VENTURES, INC., and** )<br>**CHARLES MICHAEL POWELL** )<br>)<br>   **Defendant.** ) | **CIVIL ACTION FILE NO.**<br>**1:20-CV-05257-JPB** |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the within and foregoing **JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT AND RELEASE AGREEMENT** to the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to the following attorney of record who is a CM/ECF participant:

Charles R. Bridgers
DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin LLC
101 Marietta Street, N.W., Suite 2650
Atlanta, Georgia 30303

This 11th day of March, 2021.

*s/ John D. Bennett*
John D. Bennett
Georgia Bar No. 059212