## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **ESTES GREEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| V. ) | **CIVIL ACTION FILE NO.** |
| ) | **1:20-CV-05257-JPB** |
| **POWELL BUSINESS** ) | |
| **VENTURES, INC., and** ) | |
| **CHARLES MICHAEL POWELL** ) | |
| ) | |
| **Defendant.** ) | |

## SETTLEMENT AND RELEASE AGREEMENT

**1.  Parties and Released Parties:**

This document sets forth the terms and conditions of the Settlement and Release Agreement ("Agreement") by and between Estes Green ("Releasor"), and Powell Business Ventures, Inc. and Charles Michael Powell ("Company"). The term "Releasees" as used herein shall be defined as the Company and all of their corporate parents, subsidiaries, divisions, and affiliates and current and former officers, directors, officials, employees, shareholders, and/or members, together with their predecessors, successors, and assigns, both jointly and severally.

**2.  Payment and Consideration:**

A.  Following the effective date of this Agreement, and in exchange for the mutual promises contained herein, Defendants will pay consideration as follows:

i.  One check made payable to Estes Green in the gross amount of Three Thousand and Two Hundred and Fifty Dollars ($3,250.00)less all applicable taxes and withholdings required by law, in compensation for Releasor's claims for alleged unpaid overtime wages, and which will be reported to Releasor on a Form W-2;

   ii. One check made payable to Estes Green in the amount of Three Thousand and Two Hundred and Fifty Dollars ($3,250.00)), with no deductions or withholdings made, which is in compensation for Releasor's claims for liquidated damages, and which will be reported to Releasor on a Form 1099, marked as Box 3, other income;

   iii. One check made payable to Charles R. Bridgers, Attorney, LLC in the amount of Thirteen Thousand and Five Hundred Dollars ($13,500.00), as consideration for the Releasor's alleged attorney's fees, costs, and expenses which will be reported to Releasor's counsel on a Form 1099.

   iv. In addition to the foregoing consideration, Charles Michael Powell -- the sole shareholder and owner of the Company – has agreed to sell, assign, transfer, convey, and deliver to Releasor, and the Releasor has agreed to purchase from the Company, all of the Company's rights, titles, and interests in the Company's Emissions business ("Transferred Asset") in exchange for the payments and other mutual agreements described herein, free and clear of any mortgage, pledge, lien, charge, security interest, claim or other encumbrances. This transaction shall be memorialized in a separate Asset Purchase Agreement, to be executed contemporaneous with this Agreement. The Releasor shall assume and perform any obligation of the Company of any kind, whether known or unknown, contingent, matured, or otherwise, whether currently existing or hereinafter created, related to the Transferred Asset from and after the Effective Date of this Agreement.

   v. Ancillary to the sale of certain assets of a business, the Company and Powell further agree that it shall not, within a 10 mile radius of the Transferred Asset, engage in any business related to emissions testing for a period of two years.

  B. The checks set forth above will be mailed to Releasor's counsel, Charles R. Bridgers, Esq., to the address of Delong, Caldwell, Bridgers, Fitzpatrick & Benjamin LLC, 101 Marietta Street North West, Suite 2650, Atlanta, Georgia 30303, on or by the tenth business day after the Effective Date of this Agreement, as provided for herein. Executed W-9 forms from both the Releasor and his counsel are necessary to issue the payment specified Paragraphs 2.A.ii and 2.A.iii.

  C. Releasor acknowledges and agrees that the payments set forth above representing unpaid overtime wages and liquidated damages fairly compensate him,

individually, for alleged overtime wages and other wages allegedly owed to him by the Company, as well as for all other claims released by this Agreement, and are arguably over and above any amounts to which he is entitled.

### 3. Motion to Approve Settlement and Effective Date

A. For and in consideration of the payments and benefits specified in Paragraph 2, and other good and valuable consideration, Releasor agrees to dismiss with prejudice his Complaint that currently is pending in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Estes Green v. Powell Business Ventures, Inc. and Charles Michael "Mike" Powel.*, Civil Action File No. 1:20-CV-05257-JPB ("the Civil Action"). Releasor will file this dismissal with prejudice on or before the 3rd business day after delivery of the payments specified in Paragraph 2.

B. Promptly following their execution of this Agreement, Releasor and the Company agree to jointly file in the Civil Action the Joint Motion for Court Approval of FLSA Settlement and Release Agreement that is attached to this Agreement as Exhibit 1 ("the Joint Motion"), attaching thereto an executed copy of this Agreement. The parties will cooperate and take all necessary steps to effectuate final judicial approval of the Joint Motion.

C. This Agreement shall not become effective unless and until such date ("the Effective Date") as the Court approves in its entirety the Joint Motion and enters an order approving this Agreement and dismissing the Civil Action with prejudice. If the Court does not grant the Joint Motion or approve this Agreement or dismiss the Civil Action with prejudice for any reason, then this Agreement will not be binding upon the parties and will be null and void.

### 4. Release:

A. For and in consideration of the payments specified in Paragraph 2, and other good and valuable consideration, Releasor does knowingly and voluntarily release and forever discharge the Company from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims, and demands whatsoever in law or in equity, whether known or unknown, that the Releasor ever had, now has, or may have against the Company based on any acts, omissions, transactions, or occurrences whatsoever from the date of the beginning of the world to the effective date of this Agreement, and specifically, but not by way of limitation,

those claims that do or may arise out of, that are in any way connected with, that are or may be based in whole or in part on, or that are or may be related to: the Civil Action; any claims for unpaid wages, minimum wages, overtime, tips, or any other form of wages or compensation or reimbursement under the Fair Labor Standards Act ("FLSA") or any other federal, state, or local law; his employment with the Company; unlawful acts of any kind arising under or in reliance upon any statute (federal, state, or local); deprivation of civil rights; discrimination, harassment, or retaliation; or unlawful acts of any kind under local, state, or federal law; and any common law or state law claims against the Company.

      B.    Upon the Court's entry of an Order approving this Agreement and the filing of the Dismissal with Prejudice describe herein, the Defendants, for themselves, and for any of their past, present and future agents, successors, heirs, representatives, executors, attorneys, insurers and assigns, and all others acting by, through, or in concert with them, hereby release, acquit and forever discharge Plaintiff of and from any claims, demands, suits, charges, proceedings, causes of action, liability, or damages that either of the Defendants might have against Plaintiff, whether currently known to the Defendants or not. This waiver and release includes, but is not limited to, all damages, costs, expenses, actions, causes of action, suits of liability, and controversies of any and every kind and description whatsoever, whether at law or equity, under statute, in contract, or in tort, suspected or unsuspected, known or unknown—without exception or reservation, now existing or which may accrue later, including any and all claims asserted or which could have been asserted in any lawsuit, on account of and in any manner arising out of or related to the Action or Plaintiff's employment with Defendants. It is Defendants' intention that their execution of this Agreement will forever bar every claim, demand, cause of action, charge and grievance against Plaintiff existing at any time prior to and through the date of execution of this Agreement. Notwithstanding the foregoing, Plaintiff is not released from any claims of a breach of this Agreement.

      **5.**    <u>**Non-Admission:**</u>

Releasor acknowledges that the consideration provided for this Agreement, including the payments and benefits set forth in Paragraph 2, does not constitute any admission of liability or wrongdoing on the part of the Company or any of the Releasees, by whom any and all liability or wrongdoing of any kind is expressly

denied. This Agreement shall not be deemed an admission of liability, wrongdoing, or a violation of any law, rule, regulation or order, of any kind.

### 6. **Entire Agreement, Modification, and Severability:**

A. This Agreement may not be altered, amended, modified, or otherwise changed in any respect or manner whatsoever except by a writing duly executed by the Releasor and authorized representative of the Company.

B. In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

### 7. **Miscellaneous:**

A. This Agreement is governed by and subject to Georgia law.

B. Releasor acknowledges and agrees that he has had reasonable and sufficient time in which to consider whether or not his wishes to enter into this Agreement, and that his decision to do so is made knowingly, voluntarily, and without coercion. Releasor acknowledges that he has the right and opportunity to consult fully with legal counsel or any other advisor of his choice prior to signing this Agreement, and that Releasor is advised to consult with legal counsel prior to signing this Agreement. In that regard, Releasor acknowledges that, before signing this Agreement, Releasor has read and understands each paragraph herein.

C. Releasor acknowledges that neither the Releasees nor their attorneys make or have made any representation as to the tax consequences, if any, of the provisions of this Agreement. Releasor agrees to pay, and acknowledges that he remains fully and solely liable to pay, all federal, state, and local taxes, if any, which are required by law to be paid by him with respect to this settlement.

E. This Agreement may be executed electronically and in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Electronic, fax, and/or scanned signatures in lieu of original signatures are acceptable.

The undersigned acknowledges that they have read and understands the foregoing Settlement Agreement, and that they agree to the same and voluntarily

execute the same:

_____  
Estes Green

3/8/2021  
_____  
Date

_____  
Michael Powell  
President  
Powell Business Ventures Inc.

3/9/2021  
_____  
Date